David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
MICHAEL H.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H., | Case No. 3:23-cv-00710 |
| Plaintiff, | **PLAINTIFF MICHAEL H.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; INTERFERENCE WITH CONTRACT; AND ATTORNEYS' FEES AND COSTS** |
| v. | |
| UNITED BEHAVIORAL HEALTH; MOTION PICTURE INDUSTRY HEALTH PLAN; MEDICAL REVIEW INSTITUTE OF AMERICA, LLC; and DOES 1 through 10, | |
| Defendants. | |

Plaintiff, MICHAEL H. herein sets forth the allegations of this Complaint against Defendants UNITED BEHAVIORAL HEALTH ("UBH"); MOTION PICTURE INDUSTRY HEALTH PLAN ("the Plan"); MEDICAL REVIEW INSTITUTE OF AMERICA, LLC (MRI); and DOES 1 through 10.

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1.    Plaintiff brings this action for relief pursuant to Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B),

**COMPLAINT**                                                    **CASE NO.** 3:23-cv-00710

and (a)(3).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA

Section 502 (e), (f) and (g), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331

as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan

regulated and governed under ERISA. Jurisdiction is predicated under these code sections as

well as 28 U.S.C. Section 1331 as this action involves a federal question.

2.     This action is brought for the purpose of recovering benefits under the terms of

an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit

plan named as a Defendant.

3.     Plaintiff seeks relief, including but not limited to: past mental health benefits in

the correct amount related to Defendants' improper denial of Plaintiff's claim; prejudgment and

post judgment interest; general and special damages; and attorneys' fees and costs; injunctive

relief (1) requiring MRI to review all relevant medical records referred to it, to consider the

reasoned opinions of treating professionals, and when MRI's conclusions conflict with those of

an insured's treating professionals, to provide specific bases for deviating from the reasoned

opinion of treating professionals, (2) requiring Defendants to cease applying acute criteria to

sub-acute treatment, and (3) cease limiting coverage to periods of time that fall below standards

of care on the medical community; and any other relief that may arise during the pendency of

this action and that the Court may deem appropriate.

**PARTIES**

4.     Plaintiff MICHAEL H. is, and at all times relevant, a resident of the State of

California.

5.     At all relevant times, MICHAEL H. participated in an employee welfare benefit

plan, MOTION PICTURE INDUSTRY HEALTH PLAN, ("the Plan") within the meaning of

ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by his employer.

6.     The Board of Directors of the Plan was, at all relevant times, the Plan

Administrator.

7.     At all relevant times, UNITED BEHAVIORAL HEALTH ("UBH") was and is a

corporation whose primary place of business is located in the State of California.

8.      Mental Health claims under the Plan were at all relevant times administered by UBH and/or its third-party designee.

9.      MRI holds itself out as an independent review organization, and in that capacity conducts "independent" internal reviews of benefit denials by insurance companies and employee welfare benefit plans.

10.     L.H. is Michael H.'s child and a Plan beneficiary. L.H. is a transgender person and will hereinafter be referred to with female pronouns.

11.     At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff.  This action involves mental health claims denied by the Plan's mental health claim administrator.

## FACTS

12.     The Plan guarantees, warrants, and promises coverage for medically necessary health care services, care and treatment, including but not limited to health care services, mental health care, and the treatment at issue herein.

13.     At all relevant times L.H. was a beneficiary of the Plan, and the Plan was in full force and effect.

14.     The Summary Plan Description defines Medically Necessary services as follows: procedures, treatments, supplies, devices, equipment, facilities or drugs (all services) that a medical practitioner, exercising prudent clinical judgment, would provide to a patient for the purpose of preventing, evaluating, diagnosing or treating an illness, injury or disease or its symptoms, and that are:

- In accordance with generally accepted standards of medical practice (for these purposes, "generally accepted standards of medical practice" means standards that are based on credible scientific evidence published in peer-reviewed medical literature generally recognized by the relevant medical community, national physician specialty society recommendations and the views of medical practitioners practicing in relevant clinical areas and any other relevant factors);
- Clinically appropriate in terms of type, frequency, extent, site and duration and considered effective for the patient's illness, injury or disease;
- Not primarily for the convenience of the patient, physician or other health care Provider; and

- Not more costly than an alternative service or sequence of services at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of that patient's illness, injury or disease.

15.     California's Mental Health Parity Act, Health & Safety Code §1374.72, Insurance Code § 10144.5, and the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

16.     L.H. was diagnosed with, *inter alia,* major depressive disorder, history of self-harm, anxiety disorder, and gender dysphoria.

17.     Around middle school, L.H. began suffering from anxiety, depression, and suicidal thoughts and threats. She began seeing a psychologist and was prescribed medication.

18.     Despite ongoing treatment, L.H.'s condition worsened. She remained depressed, made suicidal threats, and self-harmed by cutting. For her safety, L.H.'s family was forced to lock away all sharp objects in the home.

19.     In Fall of 2020, L.H. broke into the lockbox that contained the family's sharp items. As a result, L.H.'s parents took her to UCLA emergency department where L.H. was released on the condition of going straight to residential treatment.

20.     At the unanimous recommendation of her treatment providers, from the hospital, L.H. was admitted to the Visions Residential Treatment Center ("Visions").

21.     At all times relevant, L.H.'s treatment at Visions was medically necessary, based upon the reasoned medical opinions of L.H.'s mental health providers.

22.     Plaintiff filed claims for mental health benefits with Defendants for L.H.'s treatment at Visions.

23.     UBH and/or UBH's contracted utilization review service provider denied Plaintiff's claims for treatment at Visions.

24.     Plaintiff timely appealed UBH's claim denials.

25.     Plaintiff's appeal for Defendant's denial of his claim for Visions is currently pending.

**COMPLAINT**                                                    **CASE NO.** 3:23-cv-00710

26.    To date, as a result of UBH's and/or its utilization review service provider's denials, Plaintiff has been forced to pay for L.H.'s care and treatment at Visions from his own personal funds.

27.    Following L.H.'s treatment at Visions, at the recommendation of her treatment providers, she was admitted to Elevations Residential Treatment Center ("Elevations").

28.    At all times relevant, L.H.'s treatment at Elevations was medically necessary, based upon the reasoned medical opinions of her treaters.

29.    At all times relevant, L.H.'s treatment at Elevations was a covered benefit under the Plan.

30.    Plaintiff filed claims for mental health benefits pursuant to the terms of the Plan for L.H.'s treatment at Elevations.

31.    UBH and/or UBH's contracted utilization review service provider initially approved Plaintiff's claims for treatment, for approximately 56 days.

32.    UBH and/or UBH's contracted utilization review service provider, however, then denied Plaintiff's claims for continued treatment at Elevations, claiming it was not medically necessary.

33.    Individuals, and particularly adolescents, who reach the point where prior outpatient modalities of therapy no longer work, and who require inpatient treatment at an inpatient, residential, facility, on average require treatment periods of between six months to eighteen months.

34.    The required treatment period at a residential treatment facility increases where, as herein, the patient suffers from multiple, co-morbid, mental health conditions, is often longer.

35.    Plaintiff timely appealed UBH's claim denials.

36.    UBH both individually and by and through its utilization review service provider, on behalf of the Plan, denied Plaintiff's appeal.

37.    Plaintiff submitted a level two appeal.

**COMPLAINT**                                    **CASE NO.** 3:23-cv-00710

38.     The Benefits/Appeals Committee of the Board of Directors of the Plan denied Plaintiff's level two appeal.

39.     The Benefits/Appeals Committee of the Board of Directors of the Plan based its level two appeal denial on a so-called independent report by MRI, its paid medical reviewer.

40.     MRI has a direct financial incentive to deny legitimate claims, receiving thousands if not tens of thousands of dollars per year, or more, from UBH and/or the Plan.

41.     UBH and/or the Plan conduct no oversight or quality control into MRI's activities regarding their insureds claims.

42.     MRI has a pattern and practice of denying medically necessary mental health treatment claims, such as are at issue herein.

43.     As a result of Defendants' denials, Plaintiff was forced to pay for L.H.'s care and treatment at Elevations from his own personal funds.

44.     Plaintiff has exhausted all administrative remedies regarding the denial of L.H.'s mental health benefits.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
### Recovery of Benefits Due Under an ERISA Benefit Plan
### (Against UNITED BEHAVIORAL HEALTH; MOTION PICTURE INDUSTRY HEALTH PLAN; and DOES 1-10 For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))

45.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

46.     ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

47.     At all relevant times, Plaintiff, and his daughter, L.H., were insured under the health care plan at issue herein. At all relevant times, L.H. met the medical necessity criteria for treatment required under the terms and conditions of the Plan.

48.     Defendants wrongfully denied Plaintiff's benefits for treatment in the

Following respects, among others:

    (a) Failure to authorize and pay for medical services rendered to L.H. as required by the Plan at a time when Defendants knew Plaintiff was entitled to such benefits under the terms of the Plan;

    (b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

    (c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect his claim along with an explanation of why such material is or was necessary;

    (d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

    (e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment;

    (f) Failure to thoroughly and independently evaluate both L.H. and her medical records prior to issuing their denials of Plaintiff's claim and his appeal.

    64.    By denying Plaintiff's mental health claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

    65.    The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(against Defendants UNITED BEHAVIORAL HEALTH; MOTION PICTURE INDUSTRY HEALTH PLAN; DOES 1-10)**

    66.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

67.     At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

68.     Plaintiff asserts that a claim for benefits due under the Plan does not provide him with an adequate remedy at law in light of Defendants' continuing course of conduct in violating the terms of the Plan and applicable law as described below.

69.     ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

70.     ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

71.     ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

72.     In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

73.     At all material times herein, Defendants, and each of them, violated these duties by, *inter alia,* the following:

       a.   Consciously, unreasonably, intentionally, and without justification, violating California's Mental Health Parity Act, Health & Safety Code §1374.7272 and Insurance Code § 10144.5, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment

**COMPLAINT**                                                      **CASE NO.** 3:23-cv-00710

for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

b. Consciously, unreasonably, intentionally, and without justification, violating 29 C.F.R. § 2560.503-1(f) by failing to provide adverse benefit determinations that are responsive and intelligible to the ordinary reader;

c. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claims, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

d. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claims, and related claims and/or similar claims, for mental health care benefits;

e. Consciously, unreasonably, intentionally, and without justification underpaying Plaintiff's claims;

f. Consciously, unreasonably, intentionally, and without justification applying acute criteria to claims for sub-acute treatment;

g. Consciously, unreasonably, intentionally, and without justification limiting coverage for inpatient treatment for periods of time that are far below reasonable standards in the medical community for such treatment;

h. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

i. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and

similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

j.  Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims.

k.  Using medical directors who have no training, expertise or Board Certification in mental and or behavioral health to deny mental health claims and opine on medical necessity; and or having said medical directors farm out all mental health decision-making to third party reviewers, and then rubber-stamping the opinions of said third party reviewers with no independent review, oversight or medical expertise;

l.  Contracting with third-party reviewers, including but not limited to the entity referred to as Medical Review Institute of America ("MRI") who has a direct financial incentive to deny legitimate claims; paying thousands if not tens of thousands of dollars per year, or more, to said third-party reviewers, including regular direct deposits into the third-party reviewer bank accounts; but conducting no oversight or quality control into said third-party reviewers;

m.  Using third-party medical reviewers such as MRI who have a pattern and practice of denying medically necessary mental health treatment, such as at issue herein; and

n.  Repeatedly and consistently denying mental health claims involving residential treatment facilities improperly and for the financial gain of the Defendants.

74.   As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants were not entitled.

**COMPLAINT**                                                                          **CASE NO.** 3:23-cv-00710

75.     Plaintiff further requests judgment permanently enjoining Defendant UBH from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of LH.'s treatment at issue herein. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

### THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)
### (against Defendant MEDICAL REVIEW INSTITUTE OF AMERICA; DOES 1-10)

76.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

77.     29 U.S.C. § 1132(a)(3) states that a civil action may be brought by a "participant, beneficiary, or fiduciary to (A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter of the terms of the plan."

78.     MRI, as a functional claims administrator is a fiduciary and owes fiduciary duties to Plan participants and beneficiaries, including Plaintiff.  Under 29 U.S.C. § 1104(a), MRI is required to discharge its duties with care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use under 29 U.S.C. § 1104(a).  Under ERISA, MRI is required to act in the best interests of Plan participants.

79.     Under 29 U.S.C. § 1104(a), MRI, as a functional claims administrator and Plan fiduciary, owed Plaintiff a fiduciary duty to discharge its duties for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the plan.

80.     Under 29 U.S.C. § 1104(a), MRI, as a functional claims administrator and Plan fiduciary, owed Plaintiff a fiduciary duty to discharge its duties in accordance with the documents and instruments governing the Plan.

81.     In the alternative, MRI, even if not a functional fiduciary, knowingly participated in the fiduciary breaches of Defendants UBH and the Plan set forth above.

82.     Plaintiff is entitled to injunctive and/or mandamus relief under 29 U.S.C. § 1132(a)(2)-(3).  He is entitled to enjoin any act or practice by MRI that violates ERISA or the Plan, and/or is entitled to seek other appropriate equitable relief that is traditionally available in equity.

83.     MRI breached its fiduciary duties to Plaintiff and/or knowingly participated in UBH and the Plan's breaches of fiduciary duties by, among other things, refusing to approve coverage for L.H.'s medically necessary mental health treatment.

84.     MRI breached its fiduciary duties and/or knowingly participated in UBH and the Plan's breaches of fiduciary duties by performing a cursory, incomplete and/or biased review.

85.     MRI breached its fiduciary duties to Plaintiff and/or knowingly participated in UBH and the Plan's breaches of fiduciary duties by conducting a review that failed to consider L.H.'s specific medical needs, peer-reviewed scientific and medical evidence regarding the effectiveness of residential treatment for L.H.'s conditions, nationally recognized professional standards, expert opinion, generally accepted standards of medical practice, or L.H.'s specific need for residential treatment in light of her previous failed attempts at outpatient treatment.

86.     MRI breached its fiduciary duties to Plaintiff and/or knowingly participated in UBH and the Plan's breaches of fiduciary duties by failing to obtain and review all pertinent medical records, provider reports, facts and information relevant to the determination of whether L.H.'s residential mental health treatment was necessary, by failing to examine L.H., failing to speak with L.H., her father, or any other family member, and failing to discuss L.H.'s mental health history or mental health diagnoses with any of L.H.'s physicians, therapists, or teachers.

87.     Plaintiff relied on MRI to his detriment.

**COMPLAINT**                                                    **CASE NO.** 3:23-cv-00710

88.     Plaintiff was actually harmed by MRI's knowing participation in UBH and the Plan's breaches of fiduciary duties, and its failure to discharge its duties with the care, skill, prudence, and diligence of a prudent person acting in a like capacity and familiar with such matters.

89.     As a consequence of MRI's breach of its fiduciary duties, Plaintiff has incurred legal fees and other costs associated with the investigation of this claim and the prosecution of this action.

90.     Plaintiffs are entitled to surcharge relief as a result of MRI' breach of fiduciary duties.

91.     Pursuant to 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover their attorneys' fees and costs incurred herein from MRI.

## **PRAYER FOR RELIEF**

### **AS TO ALL DEFENDANTS**

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

65.     Declare that Defendants violated the terms of the Plan by failing to provide mental health benefits;

66.     Order Defendants to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

67.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

68.     Provide such other relief as the Court deems equitable and just.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief as to the SECOND AND THIRD CAUSES OF ACTION:

69.     Order Defendants cease applying acute criteria to evaluate claims for sub-acute treatment;

70.     Order Defendants cease limiting coverage for inpatient treatment for periods of time that fall below reasonable standards in the medical community for such treatment;

71.     To the extent the Court remands Plaintiff's claim for benefits to Defendants, Order that Defendants reevaluate Plaintiff's claims in compliance with California's Mental Health Parity Act, Health & Safety Code §1374.72 and Insurance Code § 10144.5, and MHPAEA;

72.     Order that each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

73.     For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(2) and (a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

74.     For surcharge relief;

75.     An injunction against further denial of Plaintiff's benefits pursuant to 29 U.S.C. §§ 1132(a)(3);

76.     Provide such other relief as the Court deems equitable and just.

Dated: February 16, 2023,                    Respectfully submitted,

                                             **DL LAW GROUP**


                                             By: */s/ David M. Lilienstein*
                                             David M. Lilienstein
                                             Katie J. Spielman
                                             Attorneys for Plaintiff, MICHAEL H.